UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN FARRIS; RECALL DALE WASHAM; a Washington political committee; and OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DAVE SEABROOK, Chair; BARRY SEHLIN, Vice Chair; JENNIFER JOLY; and JIM CLEMENTS, in their official capacities as officers and members of the Washington State Public Disclosure Commission; and DOUG ELLIS in his official capacity as Interim Executive Director of the Washington State Public Disclosure Commission,<br><br>Defendants. | CASE NO. 11-5431 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS AND PRELIMINARY INJUNCTION PENDING APPEAL |

This matter comes before the Court on the Defendants' Motion for Stay of Proceedings and Preliminary Injunction Pending Appeal. Dkt. 36. The Court has considered pleadings filed regarding the motion, the remaining record, and is fully advised.

ORDER ON DEFENDANTS' MOTION FOR STAY
OF PROCEEDINGS AND PRELIMINARY
INJUNCTION PENDING APPEAL- 1

## I. FACTS

This case arises from Plaintiffs' attempts to recall an elected official in Pierce County, Washington and Washington's campaign finance laws. Dkt. 1. Plaintiffs challenge the constitutionality of two Washington statutes which limit campaign contributions, RCW § 42.17.640(3) and RCW § 42.17.150(8). *Id*. On July 15, 2011, Plaintiffs' motion for a preliminary injunction, enjoining Defendants from enforcing RCW § 42.17.640(3), was granted. Dkt. 30. A Notice of Appeal as to that July 15, 2011, Order was filed on July 21, 2011. Dkt. 34. Defendants' opening brief is due on August 18, 2011, and Plaintiffs' answering brief is due on or before September 15, 2011. Dkt. 35.

Defendants now seek to stay all proceedings, including enforcement of the July 15, 2011, Order. Dkt. 36. The facts and other procedural history are in the July 15, 2011, Order (Dkt. 30, at 1-8) and are adopted here.

## II. DISCUSSION

"While a preliminary injunction is pending on appeal, a district court lacks jurisdiction to modify the injunction in such manner as to 'finally adjudicate substantial rights directly involved in the appeal.'" *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (*quoting Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922)). Pursuant to Fed. R. Civ. P. 62 (c), however, "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction . . . on terms that secure the opposing party's rights." "Rule 62 (c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case. Exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (*internal quotations and citations omitted*).

1     In the instant motion, Defendants seek to stay not only the deadlines and other proceedings in

2 this case, but the relief granted in the July 15, 2011, Order which is now on appeal. Dkt. 36.

3 Defendants argue that this case should be stayed because entry of the preliminary injunction

4 constituted error. *Id.* Defendants then argue that: 1) the order was not based on an adequate

5 factual record, 2) no colorable First Amendment violation was identified, 3) the evidence that

6 recall campaigns can be subject to corruption and the appearance of corruption was improperly

7 discounted, 4) the "serious questions" standard was misapplied, and 5) the order erroneously

8 concluded that Plaintiffs demonstrated irreparable harm. *Id.* Defendants argue that they will

9 suffer irreparable harm absent a stay of all proceedings and that Plaintiffs will not be harmed by

10 imposition of the stay. *Id.*  Lastly, Defendants argue that entry of a stay is in the public interest.

11 *Id*.

12     Plaintiffs oppose staying enforcement of the July 15, 2011, Order and the remaining

13 deadlines in the case. Dkt. 40. Plaintiffs argue that the Court does not have jurisdiction to stay

14 the Order at issue because it is on appeal. *Id.* Plaintiffs argue further that even if the Court had

15 jurisdiction, Defendants do not meet their burden for a stay because they have not demonstrated

16 likelihood of success on the merits, they have not demonstrated irreparable harm, and the stay

17 Defendants seek would irreparably harm Plaintiffs, their contributors, and the people of Pierce

18 County. Dkt. 40. Plaintiffs argue that the remaining District Court proceedings should not be

19 stayed because "Plaintiffs will lose any benefit from a decision on the merits during this

20 campaign." Dkt. 40, at 10.

21     In so far as Defendants seek a stay of the July 15, 2011, Order enjoining them from

22 enforcing RCW § 42.17.640(3) against Plaintiffs, the motion should be denied. This Court does

23 not have jurisdiction to grant Defendants a stay of the relief the July 15, 2011, Order granted

24 Plaintiffs. As is evident by the arguments made, Defendants ask for a decision on the same

issues which were just adjudicated. *Mayweathers,* at 935.  Further, the stay Defendants seek would improperly "materially alter the status of the case on appeal." *Mayweathers,* at 935.  That is, the relief just given – Defendants being barred from enforcing RCW § 42.17.640(3) against Plaintiffs - would be taken away.  Defendants' motion to stay enforcement of the July 15, 2011, Order should be denied.

To the extent that Defendants seek a stay of the deadlines and other proceedings in the case until the Ninth Circuit Court of Appeals makes a decision on the appeal, the motion should be granted.  Fed. R. Civ. P. 16 (b)(4) provides that the Court may modify a case schedule for good cause.  Good cause for a stay of all deadlines and other proceedings exists in this case.  Plaintiffs and other potential contributors are temporarily relieved of complying with RCW § 42.17.640(3) until a trial on the merits can be held.  Further, the Court and the parties would benefit from direction from the Ninth Circuit on the issues raised in this case.  The deadlines and other proceedings scheduled in this case should be stayed pending the decision from the Ninth Circuit Court of Appeals is issued.

### III.  ORDER

It is hereby **ORDERED** that:

- Defendants' Motion for Stay of Proceedings and Preliminary Injunction Pending Appeal (Dkt. 36) **IS**
    - **DENIED** in so far as they seek a stay of enforcement of the July 15, 2011 Order, and
    - **GRANTED** in so far as they seek a stay of all deadlines and other proceedings pending a decision from the Ninth Circuit Court of Appeals.

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.

3     Dated this 19th day of August, 2011.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge