1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10

11   ROBIN FARRIS; RECALL DALE            CASE NO. 11-5431 RJB
     WASHAM; a Washington political
12   committee; and OLDFIELD &            ORDER ON DEFENDANTS'
     HELSDON, PLLC, a Washington          MOTION TO STRIKE UNTIMELY
13   professional limited liability company,   MOTION FOR ATTORNEYS' FEES
                                          AND COSTS
14                  Plaintiffs,

15          v.

16   DAVE SEABROOK, Chair; BARRY
     SEHLIN, Vice Chair; JENNIFER JOLY;
17   and JIM CLEMENTS, in their official
     capacities as officers and members of the
18   Washington State Public Disclosure
     Commission; and DOUG ELLIS in his
19   official capacity as Interim Executive
     Director of the Washington State Public
20   Disclosure Commission,

21                  Defendants.

22          This matter comes before the Court on the Defendants' Motion to Strike Plaintiffs'

23   Untimely Motion for Attorneys' Fees and Costs.  Dkt. 99.  The Court has considered pleadings

24   filed regarding the motion, the remaining record, and is fully advised.

ORDER ON DEFENDANTS' MOTION TO
STRIKE UNTIMELY MOTION FOR
ATTORNEYS' FEES AND COSTS- 1

1

## I.   FACTS

2      This case arises from Plaintiffs' attempts to recall an elected official in Pierce County,

3 Washington and Washington's campaign finance laws.  Dkt. 1.  Plaintiffs challenge the

4 constitutionality of two Washington statutes which limit campaign contributions.  *Id*.

5      On July 15, 2011, Plaintiffs' motion for a preliminary injunction was granted.  Dkt. 30.

6 Defendants appealed that Order.  Dkt. 34.  The Ninth Circuit Court of Appeals affirmed this

7 Court's decision and the mandate issued on April 19, 2012.  Dkts. 48-49.  On November 6, 2012,

8 Plaintiffs' motion for summary judgment was granted, and Defendants were permanently

9 enjoined from enforcing RCW § 42.17A.405(3) against them.  Dkt. 89.  A Notice of Appeal as to

10 that November 6, 2012 Order was filed on November 15, 2012.  Dkt. 91  Judgment was entered

11 against Defendants on November 26, 2012.  Dkt. 93.  The facts and other procedural history are

12 in the July 15, 2011 Order (Dkt. 30, at 1-8) and November 6, 2012 Order (Dkt. 89, at 1-13) and

13 are adopted here.

14      On December 12, 2012, Plaintiffs filed a Motion for Attorneys' Fees and Costs (Dkt. 96),

15 seeking $340,984, and a separate Motion for Costs (Dkt. 97) seeking $805.  Plaintiffs have

16 renoted the Motion for Attorneys' Fees and Costs (Dkt. 96) twice, and is currently noted for

17 consideration on February 8, 2012.  Dkt. 103.

18      Defendants now move to strike Plaintiffs' Motion for Attorneys' Fees and Cost (Dkt. 96).

19 Dkt. 99.  Defendants note that under Fed. R. Civ. P. 54(d) and Western District of Washington

20 Rule of Civil Procedure 54(d), Plaintiffs had 14 days to file the motion for attorneys' fees (they

21 had 21 days to file the motion for costs with the Clerk of the Court).  *Id.*  They argue that

22 Plaintiffs failed to comply with the rule (the motion was filed two days late) and urge the Court

23 to strike the motions.  *Id.*.

24

ORDER ON DEFENDANTS' MOTION TO
STRIKE UNTIMELY MOTION FOR
ATTORNEYS' FEES AND COSTS- 2

1    Plaintiffs respond, and argue that the motion was timely.  Dkt. 102.  Plaintiffs argue that

2    the attorneys' fees are "costs," and so Rule 54(d)(1), governing costs assessed by the clerk's

3    office, should govern.  *Id.*  If the attorneys' fees are not "costs" and Rule 54(d)(2) applies,

4    Plaintiffs move the Court for relief under Fed. R. Civ. P. 6(b)(1)(B) for an extension of time to

5    file their Motion for Attorneys' Fees and Costs (Dkt. 96).  *Id.*  They state that they realize now

6    that they were consulting a 2013 West publication on the Local Rules that did not include the

7    changes that became effective on December 1, 2012 and incorporated Fed. R. Civ. P. 54(d).  *Id.,*

8    at 3.

9                       **II.    <u>DISCUSSION</u>**

10   Although this case was on appeal when the motion for attorneys' fees was filed, district

11   courts in this circuit retain jurisdiction to rule on motions for attorneys' fees after a notice of

12   appeal is filed.  *League of Women Voters of California v. F.C.C.*, 751 F.2d 986, 990 (9th Cir.

13   1985 )(*internal citations omitted*).

14   Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), a motion for attorneys' fees "must be filed no later

15   than 14 days after the entry of the judgment."  Local Rule 54(d)(5), provides:  "[a] motion for

16   attorney's fees should not be included in the motion for costs to the clerk but should be directed

17   to the court pursuant to Fed. R. Civ. P. 54(d), which sets forth requirements for the timing and

18   contents of the motion."

19   Plaintiff's Motion for Attorneys' Fees (Dkt. 96) was filed on December 12, 2012, 16 days

20   after entry of the judgment.  Accordingly, it was untimely.  Defendants' argument that attorneys'

21   fees should be treated as "costs" for purposes of Rule 54(d)(1) in civil rights cases is unavailing.

22   Plaintiffs move for an extension of that deadline pursuant to Fed. R. Civ. P. 6(b)(1)(B).

23   Under Rule 6(b)(1)(B), "when an act may or must be done within a specified time, the court

24   may, for good cause, extend the time . . . on motion made after the time has expired if the party

failed to act because of excusable neglect."  To determine when a party has failed to act because of "excusable neglect," courts should consider 1) the danger of prejudice to the opposing party, 2) length of the delay, 3) the reason for the delay, and 4) whether the moving party acting in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship,* 507 U.S. 380, 388 (1993).

Defendants argue that Plaintiffs do not have a valid reason for the delay, although they do not make a showing on the remaining factors.  Dkts. 99 and 105.  Defendants argue that misreading local rules does not constitute "excusable neglect" and an extension of the deadline.  *Id.*  The Ninth Circuit has held that:

> In *Kyle v. Campbell Soup Co.,* 28 F.3d 928 (9th Cir.1994), we considered "excusable neglect" in Fed. R. Civ. P. 6(e) in a case where a motion for attorneys' fees [in a civil rights case] was 2 days late and the district court had found excusable neglect because the plaintiff's attorney had misinterpreted a local rule to incorporate a federal rule of procedure. We found the misinterpretation of the rules to be an inexcusable mistake of law and reversed the district court. We said: Although the Court in Pioneer recognized that "excusable neglect" is a flexible, equitable concept, the Court also reminded us that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."

*Pincay v. Andrews*, 351 F.3d 947, 950 (9th Cir. 2003)(*citing Kyle,* at 931).  Likewise, in *Pincay,* the Ninth Circuit held that miscalculation of deadline set in the rules by law firm clerk did not constitute excusable neglect.  *Id.*

In accord with *Kyle* and *Pincay*, Plaintiffs' motion for an extension of the deadline to file their motion for attorneys' fees pursuant to Fed. R. Civ. P. 6(b)(1)(B) (Dkt. 102) should be denied.  As in *Kyle,* the motion for attorneys' fees in this civil rights case was two days late. Counsel here, like the lawyer in *Kyle,* misinterpreted a local rule in relation to a federal rule of procedure.  There is no showing that the Plaintiffs' failure to follow the rules, because of "inadvertence, ignorance of the rules, or mistakes construing the rules" should be considered excusable neglect.  This is true even with the change in the rules a few weeks before Plaintiffs'

1   motion was due.  Months before, the Court made it clear that the changes to the Local Rules

2   would go into effect on December 1, 2012.  The most recent version of the Local Rules was on

3   the Court's website at the time.  Plaintiffs should not be granted an extension of time to file their

4   motion for attorneys' fees and Defendants' Motion to Strike (Dkt. 99) should be granted.

5                                   **III.    ORDER**

6          It is hereby **ORDERED** that:

7   •   Plaintiffs' Motion for Extension of Time (Dkt. 102) **IS DENIED;** and

8   •   Defendants' Motion to Strike Plaintiffs' Untimely Motion for Attorneys' Fees and Costs

9       (Dkt. 99) **IS GRANTED;** and

10  •   Plaintiffs' Motion for Attorneys' Fees (Dkt. 96) **IS STRICKEN**.

11         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

12  to any party appearing *pro se* at said party's last known address.

13         Dated this 17th day of January, 2013.

14

15

16         ROBERT J. BRYAN
           United States District Judge

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION TO
STRIKE UNTIMELY MOTION FOR
ATTORNEYS' FEES AND COSTS- 5